UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:16 CR 55 |
| | ) | |
| MARK CHERRY | ) | |

### OPINION and ORDER

Before the court is defendant Mark Cherry's motion for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE # 156.) For the reasons that follow, the motion is denied.

I.   **BACKGROUND**

In 2013, defendant and two associates participated in an armed robbery that resulted in the death of Rolando Correa, the neighbor and brother of one of the robbery victims. (DE # 93 at 4-5.) Defendant was also wounded in the abdomen, resulting in a two-month hospital stay. (*Id.* at 5, 13.) Defendant has worn a colostomy bag ever since. (*Id.* at 13.)

According to defendant, further evaluation and recommended treatment is needed for his condition. (DE # 93 at 13.) Specifically, defendant contends that he is in need of colostomy reversal surgery and hernia repair. (DE # 183.) According to defendant, he was supposed to receive a colostomy reversal 6 months after he was given the colostomy bag. (*Id.*) Defendant argues that he has lived with the colostomy bag for 9 years, and that he is "being forced to live abnormally and in pain." (*Id.*; DE # 167 at 11 "I would like it to be documented that I have stated every time at Chronic

Care that my abdomen is bothering me.") Defendant further contends that he has significant "thinning of the rectum, due to a lack of use and lapse in time." (DE # 156 at 6.) He notes that he is unable to receive hernia repair until the colostomy reversal surgery is completed. (*Id.*)

Defendant has requested the medical care he wishes to receive through BOP channels. (DE # 156 at 6.) Dr. Jones, a general surgeon, assessed the situation and "did not feel comfortable" doing a reversal, opting instead to refer defendant to a specialist. (DE # 163-2 at 18.) Later, the BOP canceled the referral, stating that an outside surgeon, Dr. Guzman, had reviewed defendant's records and concluded that surgery was "not clinically indicated" and would be considered "elective." (*Id.* at 16.) The BOP medical staff further stated that "this is a pre-existing condition before incarceration with the Bureau of Prisons and per policy not [to] be approved without a clinical indication." (*Id.*)

Defendant sought compassionate release through the BOP in 2021. (DE # 156-3.) In denying that request, the complex warden explained that "you do not have a terminal, incurable disease with a life expectancy of eighteen months or less, nor do you have a disease or condition with an end of life trajectory. Furthermore, . . . your condition is not to a point where you possess cognitive or physical limitations which substantially diminish your ability to function in a correctional facility." (DE # 156-3.) In 2022, defendant again sought compassionate release through the BOP. (DE # 156-3 at 3-

4.) The associate warden responded by stating that defendant's prior request had already been denied. (*Id.* at 4.)

The present motion before the court reiterates the arguments defendant has made to the BOP regarding his desire for a colostomy reversal and hernia surgery. (DE # 156.) Defendant also adds that his situation is exacerbated by the fact that despite being a medium-security inmate, he is being held in a maximum-security facility, which is a more dangerous environment than necessary in defendant's view. (DE # 156 at 5.) Defendant asserts: "I am at a disadvantage physically and cannot properly defend myself if the need arises." (*Id.*) Finally, defendant argues that his mother has developed uterine cancer, is undergoing chemotherapy, and needs help caring for herself and the dependents in her home. (*Id.*)

## II.     ANALYSIS

The court is authorized to reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. There, the Sentencing Commission states that an extraordinary and compelling reason warranting a reduction in a term of imprisonment may exist where, for example, a defendant suffers from a serious

3

physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or there exists some other extraordinary and compelling reason justifying a reduction in the defendant's term of imprisonment. U.S.S.G. § 1B1.13 cmt. n.1.

Section 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release. *United States v. Gunn*, 980 F.3d 1178, at *2 (7th Cir. 2020). Accordingly, § 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release. *Id.* The court will consider defendant's motion, using § 1B1.13 and its application notes as a guide.

The record in this case consists of dozens of pages of medical records confirming the major medical issues primarily forming the basis for the present motion. The Government does not dispute the details of the ailments defendant describes. However, the Government argues that defendant's situation, while unfortunate, is not extraordinary and compelling because defendant is not substantially diminished in the ability to provide self-care within the environment of a correctional facility. Indeed, many courts have denied compassionate release for serious conditions for this reason. *See, e.g., United States v. Bunnell,* No. CR14-00119-001-PHX-DGC, 2019 WL 6114599 (D. Ariz. Nov. 18, 2019) (defendant "suffers from arthritis, sciatica, bulging lumbar discs 2-5, scoliosis, and degenerative disease causing central stenosis in his spine," and is

4

confined to a wheelchair, but none are terminal illnesses or substantially diminish ability to provide self-care within the environment of a correctional facility); *United States v. Clark*, 3:13-cr-163-FDW-1, 2019 WL 1052020, at *3 (W.D.N.C. Mar. 5, 2019) (defendant suffering from declining health, diabetes, kidney failure, and back problems requiring a walker did not demonstrate that condition substantially diminished ability to provide self-care within the corrections environment or that she was not expected to recover).

In this case, the court cannot discern sufficient evidence from the record to conclude that this case presents "extraordinary and compelling" reasons justifying compassionate release. Defendant's health conditions are no doubt uncomfortable and undesirable, but the law only allows sentence reductions for extraordinary and compelling circumstances, and defendant's health conditions do not reach that level. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Though defendant is dissatisfied that the BOP denied him a surgery it defined as "elective," the record indicates that the BOP is adequately managing defendant's care, including providing appointments in the Chronic Care Clinic, providing consultations with institutional surgeons, and allowing outside surgeons to review defendant's case file to provide a specialized opinion.[1] (*See generally* DE # 163-2.) Defendant's condition is not terminal, nor does it pose serious limitations on defendant's ability to provide self-care. *See* U.S.S.G. § 1B1.13.

---

[1] In passing, defendant suggests that he has been denied medical care in violation of the Eighth Amendment. (DE # 167 at 3.) Such a contention is more appropriately examined in the context of a civil constitutional tort claim. *C.f. Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971); *Carlson v. Green*, 446 U.S. 14 (1980).

Nor do defendant's additional arguments make defendant's motion any more meritorious. Though defendant claims that he is being held in a dangerous environment in which he cannot properly defend himself, this argument is a slippery slope. Few incarcerated persons (indeed, few human beings) are in perfect physical condition, and courts cannot reduce the sentence of every defendant who may have a physical disadvantage during some hypothetical, future altercation with a fellow inmate. Such an approach would result in the release of so many defendants that the circumstance would, by definition, cease to be extraordinary and compelling by virtue of its normalcy. *See United States v. Ryan,* No. 3:15-CR-62-RLM, 2023 WL 9898589, at *5 (N.D. Ind. May 15, 2023), *aff'd,* No. 23-2443, 2024 WL 890000 (7th Cir. Mar. 1, 2024) ("[I]f Fort Dix has awful conditions and every other federal prisoner faces equally awful conditions, then all federal prisoners would be entitled to a sentence reduction."). In any event, the court does not find that defendant's particular physical limitations – having a colostomy bag and hernia – render him so vulnerable in his environment that the circumstances are "extraordinary and compelling."

The court is also unpersuaded by defendant's argument that his mother is undergoing chemotherapy and requires assistance with dependents living in her home. While the policy statement found in § 1B1.13 includes certain "family circumstances" as extraordinary and compelling reasons which might justify compassionate release, that policy statement enumerates the following:

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

6

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

Notably, the policy statement does not mention elderly or ill parents as circumstances that would qualify as extraordinary and compelling.

Of course, the policy statement also allows for the consideration of any "other" extraordinary and compelling circumstances. U.S.S.G. § 1B1.13. However, this court joins a number of other district courts who are not persuaded that caring for elderly parents constitutes a extraordinary and compelling reason warranting compassionate release. As another district court articulated: "While certainly admirable, a desire to help care for one's elderly parents does not qualify as an 'extraordinary and compelling reason' for release." *United States v. Goldberg,* No. CR 12-180 (BAH), 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020). In *United States v. Ingram,* No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019), the district court also denied a defendant's motion for compassionate release; the defendant had based his motion on his purported need to care for his ill mother. The court "empathize[d] with the Ingram family's difficult situation," but ultimately concluded that "[m]any, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary." *Id.* at *2. In this case, the court also finds that defendant's circumstance – specifically, his ill mother and the fact that she has dependents who rely upon her – is not extraordinary.

Further, the policy statement indicates that it is important to consider whether a defendant is the only possible option for serving as caretaker in the context of an incapacitated partner; there is no reason why the same question should not be asked of

7

a defendant asking for release to care for an ill parent or the dependents who rely upon that ill parent. *Goldberg,* 2020 WL 1853298, at *4 (critical consideration under the policy statement is that no person other than the defendant is available to serve as a caretaker). In this case, defendant devotes only a few sentences to the mention of his mother and her condition, and the court cannot infer that defendant is the only option for care, especially considering the numerous other family members defendant mentions in his proposed release plan. (*See* DE # 156-1 at 2.) That defendant and his mother might greatly prefer that defendant serve as caretaker does not render the situation extraordinary and compelling.

Finally, the court notes that it has reviewed the many letters, character references, and certificates of achievement that defendant has submitted in connection with his motion. (*See, e.g.*, DE # 156-3 at 7-18; DE # 167 at 15-32; DE # 169.) Further, the court has considered defendant's completion of an intensive, eighteen-month, residential, faith-based, cognitive behavioral program. (DE # 167 at 5.) The court also commends defendant for becoming involved in his facility's education program, and for serving as a mentor to other inmates. (*Id.*)

Nonetheless, compassionate release is an extraordinary event. *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019) (compassionate release due to medical conditions is "a rare event"); *United States v. Clark,* 3:13-cr-163-FDW-1, 2019 WL 1052020 (W.D.N.C. Mar. 5, 2019) (denying relief, which is "extraordinary"); *United States v. Gutierrez,* No. CR 05-0217 RB, 2019 WL 1472320 (D.N.M. Apr. 3, 2019) (same); *United States v. Casey,* No. 1:06 CR 00071, 2019 WL 1987311 (W.D. Va. May 6, 2019) (same). The

8

court has contemplated defendant's serious health conditions, the physical risks involved in being housed at a maximum-security prison, and the small amount of information defendant has provided regarding his mother's health condition and the dependents who rely upon her. The court has also noted all of the self-development defendant has accomplished during incarceration, and the fact that so many references hold him in high regard. Importantly, the court has considered these factors *in combination*. The court concludes that defendant's circumstances are unfortunate and even painful, but they are not extraordinary and compelling such that compassionate release is warranted. Because the court cannot identify any extraordinary and compelling reason for compassionate release, the motion must be denied. *United States v. Ugbah,* 4 F.4th 595, 597 (7th Cir. 2021).

### III.   CONCLUSION

For the foregoing reasons, defendant's motion under 18 U.S.C. § 3582(c) and Section 603 of the First Step Act is **DENIED**. (DE # 156.)

**SO ORDERED.**

Date: June 4, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT