UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:16 CR 55 |
| | ) | |
| MARK CHERRY | ) | |

### OPINION and ORDER

On January 13, 2020, the court sentenced defendant Mark Cherry to a term of 188 months imprisonment for use of a firearm during and in relation to a narcotics crime causing a death. (DE ## 144, 145.) Defendant recently submitted a *pro se* filing asking the court to consider whether changes to the Sentencing Guidelines might affect his case. (DE # 172.) The court interpreted this filing as a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Guidelines. The court appointed counsel to assist defendant (DE # 175), but counsel later moved to withdraw due to defendant's ineligibility for relief (DE # 179.) For the reasons that follow, defendant's *pro se* motion is denied.

In April 2023, the United States Sentencing Commission voted to make changes to how a defendant's criminal history is calculated for sentencing. These changes, generally referred to as "Amendment 821," took effect on November 1, 2023. Part A of Amendment 821 amended § 4A1.1 of the Sentencing Guidelines to limit the overall impact of "status points" on certain offenders' criminal history calculation. Part B of Amendment 821 created a new § 4C1.1 guideline that provides a decrease of two offense levels for offenders who did not receive any criminal history points under

Chapter Four of the Guidelines and whose instant offense did not involve specified aggravating factors. The Sentencing Commission has given retroactive effect to Amendment 821. *See* N.D. Ind. Gen. Order 2023-32, available at https://www.innd.uscourts.gov/sites/innd/files/2023-32.pdf.

In this case, defendant does not qualify for a reduction in sentence under Part A of Amendment 821. At sentencing, defendant's criminal history category was calculated at III based upon a total of six (6) criminal history points. (PSR ¶¶ 38, 39.) Part A functions to lower defendant's criminal history points from six (6) to four (4), but even so, defendant's criminal history category remains III. (*See* DE # 179.)

The court may only "reduce" a defendant's sentence—that is, the court can act only where "the guideline range applicable to that defendant has subsequently been lowered." USSG § 1B1.10(a)(1); 18 U.S.C. § 3582(c)(2). A reduction is not authorized under § 3582(c)(2) if the guideline amendment did not have the effect of lowering the defendant's applicable guideline range. USSG § 1B1.10(a)(2). Because Part A of Amendment 821 does not have any effect on defendant's criminal history category, it also does not have any effect on defendant's guideline range. Thus, defendant is not entitled to relief under 18 U.S.C. § 3582(c)(2) and Amendment 821 Part A.

Nor can Part B of Amendment 821 be of any assistance. Part B provides for a decrease of two offense levels for certain offenders who did not receive any criminal history points. Defendant *did* receive criminal history points, so Part B is inapplicable.

2

In summary, defendant does not benefit from either Part A or B of Amendment 821 to the Sentencing Guidelines. Accordingly, his filing, interpreted as a motion under 18 U.S.C. § 3582(c)(2) and Amendment 821, must be **DENIED.** (DE # 172.)

**SO ORDERED.**

Date: June 4, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT